DIDLAKE ET UX. *v.* POTEET ET AL.

[No. 291, September Term, 1961.]

*Decided May 11, 1962.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*John L. Moring, Jr.,* with whom was *Robert J. Callanan* on the brief, for the appellants.

*Malcolm B. Smith,* with whom were *Louis M. Strauss* and *Smith, Wohlgemuth & Westcott* on the brief, for the appellees.

MARBURY, J., delivered the opinion of the Court.

This appeal is taken by Clyde B. Didlake and Irene E. Didlake, his wife, from a decree of the Circuit Court for Anne Arundel County, dated November 3, 1961, which declared unconstitutional, illegal and void a resolution which had been passed by the Board of County Commissioners of Anne Arundel County, on March 30, 1961, approving an extension of zoning from Cottage-type Residential to Heavy Commercial of 0.38 acres more or less, owned in fee simple by the appellants, fronting 117 feet on the easterly side of Langley Road, 300 feet southwest of the intersection of Furnace Branch Road and Langley Road, in the 5th Election District of the County, and known as parts of Lots Nos. 3 and 4, on a plat of Acreslee. The appellants, in addition to owning all of Lots Nos. 3 and 4, also own Lot No. 2, adjoining Lot No. 3, and a corner lot adjoining Lot No. 2 which extends to the southeast corner of Langley Road and Furnace Branch Road.

Pursuant to Code (1957), Article 66B, the Board of County Commissioners of Anne Arundel County, on July 1, 1952, established a comprehensive zoning plan for Anne Arundel County that defined a heavy commercial zoning classification extending along both sides of Furnace Branch Road in a southeasterly direction from Ritchie Highway to Margate Road, to a depth of 300 feet on each side of the road, and which line of demarcation runs diagonally across Lots Nos. 3 and 4 of the appellants, placing all of their contiguous property in a heavy commercial zone with the exception of portions of Lots Nos. 3 and 4 which were still zoned Cottage Residential. The surrounding properties were zoned Agricultural or Residential.

The appellants have conducted a public bus service busi-

ness, which is primarily for the purpose of supplying school buses to the Board of Education for the county, on that portion of the property located in the heavy commercial zone. Alleging changes in the neighborhood, increased population, and requests from the Board of Education to supply additional school buses, appellants filed a petition to extend the zoning of their property to cover the remaining portions of Lots Nos. 3 and 4 under a heavy commercial type zoning, so that the additional space, necessitated by such increases, could be used in connection with the bus business for the parking of the additional buses needed to comply with the increased demand.

The Planning and Zoning Commission of Anne Arundel County, on July 7, 1960, recommended to the Board of County Commissioners that the Didlakes' petition for rezoning be disapproved. A public hearing was held by the Board of County Commissioners on August 11, 1960, at which the appellants and protestants presented testimony. There was no attempt to show any mistake as to the zoning of the property involved at the time of the adoption of the comprehensive zoning plan in 1952. The only evidence produced by the Didlakes in support of their claim of *changes* in the neighborhood was to the effect that the population in the general area of this portion of the county had greatly increased. When asked at the hearing why he needed this additional rezoning, Mr. Didlake answered:

> "Additional bus parking, population increasing, and it is necessary to the general public.
>
> * * *
>
> Q. Then you want this property zoned because your business got too big for the land you own?
> A. Yes. The people got too many children."

On behalf of the protestants Mr. Von Schwerdtner, Planning Administrator of the Planning and Zoning Commission of Anne Arundel County, stated that the Commission felt:

> "that conditions had not changed sufficiently in the area since the adoption of the comprehensive zon-

ing ordinance on July 1, 1952, to warrant the change in zoning at this time; that the proposed zoning would result in an undesirable encroachment into the adjoining residential neighborhood and tend to devalue adjoining properties"

and that this was the reason given to the Board of County Commissioners for disapproving the Didlake petition for rezoning. It was also shown that there had been little development of the property zoned Heavy Commercial along Furnace Branch Road since the adoption of the comprehensive zoning plan and that most of this area was still available for commercial development.

The Board of County Commissioners passed a resolution dated March 30, 1961, allowing the request for the extension of zoning and, thereafter, suit was instituted by the appellees against the appellants challenging the resolution as being unconstitutional, illegal and void. The circuit court, after reviewing the record before the Board of County Commissioners, on November 3, 1961, so decreed; and it is from that decree that this appeal was taken. The sole question for our consideration is whether the trial court erred in finding that the resolution of the Board of County Commissioners of Anne Arundel County, dated March 30, 1961, rezoning the property of the appellants was illegal and void because it was arbitrary, capricious, and not fairly debatable.

Before property should be rezoned from one classification to another there must be presented to the zoning authorities proof either that there was some mistake in the original zoning or that the character of the neighborhood has changed to such an extent that reclassification ought properly to be made. Of course the reviewing court can not substitute its own judgment for the judgment of the zoning authority, but must simply review the evidence presented to the zoning authority and determine whether that evidence was sufficient to create a debatable question as to whether a mistake or change has been shown. *Nelson v. Montgomery County*, 214 Md. 587, 593, 136 A. 2d 373; *American Oil Co. v. Miller*, 204 Md. 32, 44, 102 A. 2d 727.

We think the decision in this case is governed by the language of this court in *Baltimore v. N. A. A. C. P.*, 221 Md. 329, 335, 157 A. 2d 433, where we said:

> "There is, of course, a presumption that the rezoning was reasonable, but in piecemeal rezoning cases there is also a counter-presumption that the original zoning was well planned and designed to be reasonably permanent which may be overcome only by showing that either there was error in the original zoning or there has been change in the *character of the neighborhood,* and unless one or the other, or both, is shown the presumption of reasonableness is destroyed." (Emphasis supplied.)

Here, as in *Zang & Sons, Builders, Inc. v. Taylor*, 203 Md. 628, 102 A. 2d 723—since there was no proof of a basic mistake or of a substantial change in the character of the neighborhood after the area in dispute was zoned Cottage Residential—the question of the validity of the resolution of the Board of County Commissioners is not even debatable. We hold that the rezoning of the property in question was properly set aside by the lower court.

*Decree affirmed, with costs.*