SCHEYDT ET AL. *v.* PRATT PROPERTIES, INC.

[No. 296, September Term, 1961.]

*Decided June 5, 1962.*

32

The cause was argued before BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*George M. Taylor,* with whom was *Ralph C. Boyd* on the brief, for the appellants.

*William D. Macmillan, Jr.,* for the appellee.

PER CURIAM.

On the ground that there had been substantial change in the character of the neighborhood since the adoption of comprehensive zoning in 1952, the Board of County Commissioners of Anne Arundel County granted rezoning from agricultural to light industrial of a 41 acre tract fronting on Quarterfield Road and on Old Stage Road, near Glen Burnie, on application of the appellee, the contract purchaser of the tract. Certain nearby residents, who had opposed the application, filed suit in the Circuit Court for Anne Arundel County to enjoin the rezoning. The case was submitted to the court on the record sent up by the County Commissioners.

The protestants had produced testimony by neighboring landowners and officers of interested civic associations to the effect that the change would devaluate properties in the neighborhood, increase traffic hazards, and constitute "spot" zoning, and that the subject property could in fact be developed for residential use. On the other hand, testimony was given on behalf of the appellee by an industrial realtor, a builder, and three individuals owning nearby properties. In regard to change in the character of the neighborhood, their testimony established a developing complex of major highways, with elaborate interchanges, in the immediate vicinity, and a general increase in traffic. The recently constructed Glen Burnie dual-lane by-pass adjoins one side of the subject property.

It was shown that the State Roads Commission has adopted plans to relieve the chronic traffic bottle-neck at Ritchie Highway and Mountain Road by extending the latter to the by-pass, near the property in question. It was also shown that the proximity of the tract to Friendship Airport has created serious problems of noise and obnoxious odors, especially since the advent of jet plane traffic in recent years. This factor was said to have rendered it impossible to obtain VA or FHA financing for residential development of the property, and to have prevented several attempted sales for that purpose.

In addition to finding substantial change in the neighborhood, the County Commissioners determined that the tract was suitable for light manufacturing uses and that the rezoning would not devaluate nearby property. The trial court found that these matters were at least fairly debatable and refused to enjoin the reclassification. We see no error here.

The determination of whether sufficient change has occurred to justify reclassification must be made in the first instance by the appropriate zoning authority. If the evidence was sufficient to bring the question within the realm of the fairly debatable, the court cannot substitute its own judgment for that of the zoning authority. *Didlake v. Poteet,* 228 Md. 588, 180 A. 2d 828 (1962) ; *County Council v. Gendleman,* 227 Md. 491, 177 A. 2d 687 (1962). In the case before us, the evidence of change was sufficient to render the question fairly debatable.

*Decree affirmed; costs to be paid by appellants.*