ALVEY *v.* MICHAELS ET AL.

[No. 177, September Term, 1962.]

*Decided February 19, 1963.*

*Motion for rehearing filed March 8, 1963, denied April 3, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*James C. Morton, Jr.*, and *Emanuel Klawans*, with whom were *Rouse, Morton & Beardmore* on the brief, for the appellant.

*Malcolm B. Smith*, with whom were *Louis M. Strauss* and *Smith, Wohlgemuth & Westcott* on the brief, for the appellees.

MARBURY, J., delivered the opinion of the Court.

Feeling aggrieved at a decree of the Circuit Court for Anne Arundel County which declared the rezoning by the County Commissioners of a tract of waterfront property from "Agricultural Use" to "Heavy Commercial Use" to be void, the appellant brings this appeal.

The appellant is the owner of a thirty-nine acre tract of land located in the First Election District of Anne Arundel County, which, by the Comprehensive Zoning Ordinance of 1952, was given an agricultural classification. The appellant's deceased husband applied to the County Commissioners for the rezoning of 4.75 acres of this land along a body of water known as Ramsay Bay to a Heavy Commercial classification, for the avowed purpose of operating a marina on the property. The Planning and Zoning Commission recommended approval of the application. At the public hearing upon the application before the County Commissioners, the appellees, all property owners of land in close proximity to the tract in question, opposed the requested rezoning.

The testimony at the hearing by appellant, her husband (now deceased) and their son, who was to aid them in the operation of the marina, is easily summarized. Mr. Alvey in his testimony made the bald statement that there was an error in the original zoning of the land for agricultural use. He stated that although one section of his waterfront land was zoned heavy commercial, it was not suitable for the operation of the marina because of heavy water grass and shallow water.

The testimony of the appellant's other witnesses, as well as her own, indicated that a survey of marinas in the county and on the Eastern Shore shows a definite need for more boating facilities. Appellant stated that the land was not suited for agricultural purposes because of its small size and the expense of farming it. Robert E. Lee, a marina owner who testified for appellant, stated that he had filled his marina with boats within a week after he published an advertisement in a Washington newspaper.

On the other hand, appellees' testimony indicated that the area was already overcrowded with boats and boating facilities and that there was a question of public safety on the waters of Ramsay Bay if the marina were to be allowed. There was testimony to the effect that there was already a pollution problem which would be made worse by the presence of a marina. It was also pointed out that the entrance to the Bay is through a narrow bridge, which adds to the danger which would be caused by more boats in the area.

In his memorandum opinion, the chancellor found that there was no mistake in the original zoning ordinance and that the only evidence presented to support the claim that the character of the neighborhood had changed was the testimony that boating in the area had increased. He found that the need for marinas in the locality was not a local need, but one to accommodate non-resident boating enthusiasts.

Although appellant raises five questions on appeal, we do not find it necessary to answer them separately, since we feel that appellant has not sustained the burden of showing the necessary requirements for a zoning change, namely, an error in the original zoning plan or a change in the character of the neighborhood to such an extent that a reclassification might properly be made. *Baltimore v. N. A. A. C. P.,* 221 Md. 329, 335, 157 A. 2d 433; *Nelson v. Montgomery County,* 214 Md. 587, 593, 136 A. 2d 373, and cases cited therein. See also *Reclassification, Variances, and Special Exceptions,* 21 Md. L. Rev., 306, 308-314. The duty of the chancellor was to determine whether the County Commissioners' action was arbitrary, capricious, discriminatory, or illegal, and not to disturb a finding that is fairly debatable. *Muhly v. County Council,* 218 Md.

543, 546, 147 A. 2d 735. He found there was no evidence of original error in the zoning ordinance of 1952. The only reference to an original error was made by Mr. Alvey. He merely stated the property was erroneously zoned agricultural. In view of the many uses, including residential uses, permitted under the Anne Arundel County "agricultural" zoning classification, his testimony that before 1952 the property could no longer be profitably farmed, by no means establishes the inappropriateness of the original zoning. That was the only reason assigned for his statement. No other evidence was presented on this point. Under these circumstances we hold that the chancellor was correct in finding that no debatable question was raised on this particular point.

The only other question, then, could be whether there had been a sufficient change in the characteristics of the neighborhood to justify a reclassification. There was testimony that the number of people engaged in boating activities had increased substantially in the area since the original zoning. However, this does not of itself prove a change in character to justify a rezoning. See *Didlake v. Poteet,* 228 Md. 588, 591, 180 A. 2d 828, where an increase in population in a neighborhood was held not to prove a change in the character of a neighborhood. See also *County Commissioners of Anne Arundel County v. Fairwinds Beach Club, Inc.,* 230 Md. 569, 187 A. 2d 845. There was much testimony that the change of classification would be detrimental to other property owners in the neighborhood, where many residences were located. Water pollution, which would have the effect of destroying the Bay for swimming, the danger of congestion of boat traffic at the bridge, noise and trash disposal were among the problems that adjoining or nearby owners would face. There was testimony to the effect that such a business would be successful for appellant. In reference to these facts see *Wakefield v. Kraft,* 202 Md. 136, 144, 96 A. 2d 27, where this Court said:

"He [adjoining property owner] is entitled to rely on the rule that a classification made by ordinance will not be changed unless the change is required for the public good and is not made merely to accommodate private interests which are detrimental to the

welfare of the other property owners of the same neighborhood."

That the proposed use of the property as a marina would be more profitable to the owner, than what is authorized under the existing zoning is not sufficient to require a change of classification, in the absence of a showing that the property cannot be put to any reasonable use under the existing classification. *County Council v. Gendleman,* 227 Md. 491, 499, 177 A. 2d 687 and cases cited therein. See also *Serio v. City of Baltimore,* 208 Md. 545, 554, 119 A. 2d 387.

As to the question that this would be spot zoning legally permissible under the circumstances, we have held that such is legal when there is a need for a service in the area for the accommodation and convenience of the residents of the residential zone, such as grocery stores, drug stores, barber shops, etc. *Temmink v. Board of Zoning Appeals,* 205 Md. 489, 495, 109 A. 2d 85. We do not find on the record that another marina within this area would come within this category. Such a departure from the surrounding zoning is only allowed where there is an absence or insufficient service of such facilities in the area. Cf. *American Oil Co. v. Miller,* 204 Md. 32, 102 A. 2d 727.

We think the chancellor was correct in finding that there was not a debatable question before the County Commissioners as to whether there was a change in the character of the neighborhood.

*Decree affirmed, with costs.*