ALVEY ET AL. *v*. HEDIN ET AL.

[No. 554, September Term, 1965.]

336

*Decided July 1, 1966.*

The cause was argued before HAMMOND, MARBURY, OPPEN-HEIMER and BARNES, JJ., and EVANS, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*C. Edward Hartman, II,* with whom were *Hartman & Crain* on the brief, for the appellants.

*Malcolm B. Smith,* with whom were *Smith & Wohlgemuth* on the brief, for the appellees.

MARBURY, J., delivered the opinion of the Court.

Pauline S. Alvey is the owner of some thirty-nine acres of land located in the First Election District of Anne Arundel County. This property is bounded on the west and south by Mayo Road (State Route 214), on the north by Mayo Elementary School and on the east by Ramsey Bay. In 1952, when the original Comprehensive Zoning Ordinance for Anne Arundel County was adopted, this entire acreage was zoned agricultural except for 9.8 acres bordering (for a distance of some 1100 feet) on Mayo Road, which was zoned heavy commercial. With the dream of building a boat marina, not permitted by Anne Arundel County zoning ordinances under an agricultural classification, Mrs. Alvey and her since deceased husband, applied for rezoning of 4.75 acres of their property fronting on Ramsey Bay to Heavy Commercial. This rezoning was granted by a Resolution adopted on January 29, 1960, by the Anne Arundel County Commissioners, and, although Mr. and Mrs.

Alvey were notified that a suit was being prepared to test the validity of this action, they proceeded to construct a large and expensive pier and marina facilities on the 4.75 acres, and commenced operation thereof. The promised suit was filed in February of 1960 in the Circuit Court for Anne Arundel County, a hearing was held before Judge Duckett, and the rezoning was declared void. Mrs. Alvey then took an appeal to this Court and in April of 1963 we affirmed the lower court in *Alvey v. Michaels,* 231 Md. 22, 188 A. 2d 293, on the grounds that: (1) the applicants had shown no mistake in the original agricultural classification of these 4.75 acres; (2) nor had they shown changes in the characteristics of the neighborhood sufficient to justify the rezoning to heavy commercial, and (3) the rezoning for this marina was not the type of spot zoning which is legally permissible under certain circumstances. Despite this decision Mrs. Alvey and her son, Carmel Steele Alvey, (hereinafter referred to as the Alveys) continued to operate the marina until March 1964, when, after an injunction was issued, the operation was discontinued.

Only seven months after we handed down our first decision concerning this property, Mrs. Alvey, in the hope of legitimatizing the existing marina, again applied to the County Commissioners for rezoning of the same 4.75 acres, but this time, instead of asking for a classification for heavy commercial she asked for light commercial. (The County Zoning Ordinances permit a commercial marina in a Light Commercial zone, but exclude boat repairs, marine railways, warehouses and like uses which are permitted in a Heavy Commercial zone.) A joint hearing on this matter was held before the Planning and Zoning Commission of Anne Arundel County and the County Commissioners on March 12, 1964, and the Zoning Commission recommended that the requested rezoning be granted. This recommendation was followed when, on March 24, 1964, the County Commissioners passed a resolution rezoning the 4.75 acres to Light Commercial. Mr. John D. Hedin and Mr. Austin Rohrbaugh, both of whom were residents of the Ramsey Bay area, then brought a bill in equity in the Circuit Court for Anne Arundel County to declare the latest zoning of the 4.75 acres to be void, and to restrain the Alveys from using the said prop-

erty for commercial purposes. A hearing was held before Judge Sachse at which testimony was taken as to the plaintiffs' standing to sue and the matter was otherwise submitted to the chancellor on the record which was made at the joint hearing. From a decree granting the relief prayed, this appeal was taken by the Alveys. Four questions are raised: (1) Do either Messrs. Hedin or Rohrbaugh have standing to sue; (2) has the question of mistake in original zoning of this 4.75 acres already been finally litigated (we found no mistake in the agricultural classification) by our decision in *Alvey v. Michaels, supra;* (3) was there sufficient evidence of change in the character of the neighborhood to justify the rezoning to Light Commercial; and (4) did the plaintiff-appellants show a need in this area sufficient to justify spot zoning for this 4.75 acres.

From the facts as set forth below it is apparent that both of the plaintiff-appellees had standing to bring this suit. Plaintiff. John Hedin testified at the hearing before Judge Sachse that the marina was visible from his property and lies across Ramsey Bay at a distance of some 250 feet by water and approximately 280 to 300 feet by land. Mr. Hedin testified that he felt that the marina had a depressing effect upon the value of his land since Ramsey Bay has very little tidal flow and in the three years that the Alveys have operated their marina he had noticed beer cans, toilet paper, human excrement and other items of refuse floating on the water near his property, most of which he asserted emanated from the approximately one hundred boats which regularly docked at the Alvey marina. Moreover, he testified that in order for the boats to get back to the marina they had to maneuver around a sandbar which jutted out from the Alvey tract and that as a consequence, at night, lights from those boats would shine directly on his home, which he found to be annoying. As to the other plaintiff, Austin Rohrbaugh, whose land adjoins Mr. Hedin's, both plaintiffs' and defendants' attorneys stipulated that Mr. Rohrbaugh's testimony would be that he lived only 200 feet from the subject property; that he could see the marina from his land; that the marina was annoying to him because of the noise made by its users and because spotlights from the boats shone directly into his house as they maneuvered around the sandbar; that in

his opinion his property would be depreciated by commercialization of the Alvey tract because of the attendant noise, unsightliness, additional water traffic, and additional water pollution which would result therefrom. The accuracy of Mr. Rohrbaugh's testimony was not stipulated to but nothing in the record before us contradicted any of it.

As stated in *DuBay v. Crane,* 240 Md. 180, 185, 213 A. 2d 487:

> "In zoning cases, the rule in this State is that for a person to be aggrieved by an adverse decision of the administrative agency, and thus entitled to appeal to the courts, the decision must not only affect a matter in which the protestant has a specific interest or property right but his interest therein must be such that he is personally and specially affected in a way different from that suffered by the public generally." (Citing cases)

Both of the protestants in this case clearly are within the above defined aggrieved class because their closeness to the marina property, their special problems with lights and noise as well as with the refuse emanating from the operation of the marina, make the effect of this commercialization on them different from its effect upon members of the public generally.

In contending that the two protestants did not have standing, the appellants assert that Ramsey Bay serves as a buffer or shield from the damages of commercialization analogous to the function served by the Baltimore Beltway to the subject property in *DuBay v. Crane, supra,* at 210. The analogy is patently a fallacious one since, in the instant case, if reclassification were granted, Ramsey Bay rather than being a shield, would serve as the means by which the boats which plied its waters and used the Alvey marina would be enabled to bring to the protestants' very doorsteps the injuries of which they complained.

The defendant-appellants secondly contend that there was a mistake in classifying this 4.75 acre tract as agricultural back in 1952 when the Comprehensive Zoning Ordinance was adopted. The same contention was made in *Alvey v. Michaels,*

*supra,* wherein Pauline Alvey was the appellant and one of the present protestants, Austin Rohrbaugh, was one of the appellees. At page 26 of 231 Md. the question was disposed of as follows:

> "He [the chancellor] found there was no evidence of original error in the zoning ordinance of 1952. The only reference to an original error was made by Mr. Alvey. He merely stated the property was erroneously zoned agricultural. In view of the many uses, including residential uses, permitted under the Anne Arundel County 'agricultural' zoning classification, his testimony that before 1952 the property could no longer be profitably farmed, by no means establishes the inappropriateness of the original zoning. That was the only reason assigned for his statement. No other evidence was presented on this point. Under these circumstances we hold that the chancellor was correct in finding that no debatable question was raised on this particular point."

The above holding in the first case is an absolute bar to the present attempt by the Alveys to again raise the question of mistake in original zoning of the same tract of land, because any of the testimony relied upon in the instant case as to this question could and should have been presented in the first case, and the applicability of the doctrine of res judicata as to this mistake question is not affected by the fact that they are here attempting to get a different type of commercial classification than in the first case. *Whittle v. Bd. of Zoning Appeals,* 211 Md. 36, 49, 122 A. 2d 462; *Sterling v. Local 438, etc.,* 207 Md. 132, 113 A. 2d 389, cert. den., 350 U. S. 875, 76 S. Ct. 119, rehearing denied 350 U. S. 898, 76 S. Ct. 151, motions for leave to file petitions for rehearing denied, 350 U. S. 943, 76 S. Ct. 298. Cf. *Chatham Corp. v. Beltram,* 243 Md. 138, 220 A. 2d 598; and *Woodlawn Ass'n v. Board,* 241 Md. 187, 216 A. 2d 149.

Defendant-appellants thirdly assert that there was presented a debatable question as to whether the subject property had changed since 1952 sufficient to allow a reclassification from

agricultural to light commercial. We do not agree. About the only change in the area which becomes evident from the testimony adduced at the joint hearing was that some 25 acres, which surround (except for the Bay front) the subject 4.75 acres, of Mrs. Alvey's property were reclassified from agricultural to cottage residential. This reclassification was granted, without opposition, after the hearing in the first Alvey case in August 1961, but the Alveys have thus far not taken advantage of the reclassification by further development. Even if the cottage residential classification had been utilized by them, this would not amount to a change in the character of the neighborhood sufficient to justify this requested change from an agricultural to a light commercial classification inasmuch as the reclassification of the surrounding property was merely from one residential use category to another (cottage residential allows building on smaller lots than does an agricultural classification) and not from a residential to a commercial use. Other testimony revealed that there had been commercial development since 1952 of some of the Alvey Mayo Road property which lies some 1100 to 1300 feet in back of the waterfront property in question, and that two public marinas in the general area had been enlarged since 1952, but in all of these instances the property was originally zoned commercial under the Comprehensive Zoning Ordinance. None of these changes amounted to a substantial change in the area sufficient to justify a rezoning from agricultural to light commercial since they simply revealed the initial use of commercial property, or in the cases of the two marinas the moderate enlargement of an existing use anticipated and permitted under the original classification. There is a complete absence of testimony that there has been any commercial development in the immediate vicinity of the subject property which was not permitted under the original zoning and from the testimony produced at the joint hearing it is undebatable that a commercial classification of the subject property would be entirely out of character with the surrounding waterfront residential uses.

Presumably in an attempt to fit the rezoning under the category of legally permissible spot zoning, both the Planning and Zoning Commission and the Board of County Commissioners

stressed, in their recommendation and their resolution respectively, the need for more mooring and boating facilities in "this and other areas of the County" as a change which had occurred in the area which would justify the rezoning of this property to light commercial use. While there was some testimony that there had been substantial growth in the residential waterfront development of the Ramsey Bay area since 1952, we can find no evidence from which it could be found that there was a present need for additional mooring and boating facilities by the residents of the Ramsey Bay area. From all that appears in the record such a need is satisfied by the two public marinas which already operate in the general vicinity of Ramsey Bay and by the privately owned mooring and docking facilities of the residents. The defendant-appellants did make out a strong case for the proposition that there was a need by the public generally for more marina facilities due to the increased popularity of boating activities in Anne Arundel County and in other parts of the State. However, the need which must exist to justify spot zoning must be a need for a service or facility by the residents of the area in which the commercialization is to be allowed and not the more general need of the public. *Temmink v. Bd. of Zoning Appeals*, 205 Md. 489, 495, 109 A. 2d 85; *Alvey v. Michaels, supra,* at page 27.

<div align="right">

*Decree affirmed, with costs.*