COUNTY COMMISSIONERS OF ANNE ARUNDEL COUNTY, ET AL. *v.* FAIRWINDS BEACH CLUB, INC., ET AL.

[No. 169, September Term, 1962.]

*Decided February 6, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Jerome F. Connell* for County Commissioners of Anne Arundel County, part of appellants.

*Douglas F. Lyons* for Herbert J. Harmatz and Margaret Streett, other appellants.

*Charles C. Hartman, Jr.,* with whom were *Fell & Hartman* on the brief, for appellees.

HENDERSON, J., delivered the opinion of the Court.

In this zoning case from Anne Arundel County, the Chancellor reversed the action of the County Commissioners, in granting a rezoning from Agricultural to Heavy and Light Commercial to permit the construction of a small shopping center, on the ground that a debatable question was not presented.

The appellants raised a preliminary question as to whether the Chancellor erred in overruling their demurrer on the ground that the Fairwinds Beach Club, Inc., was not a proper party, citing *Windsor Hills Imp. Ass'n v. Baltimore,* 195 Md. 383 and *Glen Burnie Imp. Ass'n v. Appeal Bd.,* 213 Md. 407. See also *Bar Ass'n v. District Title Co.,* 224 Md. 474, 476 and cases cited. It is not alleged that the club is a taxpayer or property owner although located on Benfield Road, and the appellees appear to concede that it is in the same category as the Associations in the cases cited. They merely contend that the Club should be permitted to remain as an additional party. We think the claim is untenable, and that the court erred in refusing to strike the Club as a party. This does not affect the merits of the case, however, as there were other individual parties whose standing is not challenged.

The appellees contend that since the rezoning was approved by only a majority vote of 5 to 3 the application failed. The argument is based on the fact that Code (1957), Art. 66B, sec. 21 (e) requires a favorable vote of three-fourths of a zoning board where there is a protest from the owners of 20% or more "either of the area of the lots included in such proposed change or of those immediately adjacent in the rear thereof extending 175 feet therefrom, or of those directly opposite thereto extending 175 feet from the street frontage of such opposite lots * * *." The property in question is a corner lot, and there was testimony that it "fronts" on Jumpers Hole Road, and not on Benfield Road. The property of the protestant, the Board of Education, is adjacent to the property in question on Jumpers Hole Road. The appellants contend that it is neither adjacent in the rear nor directly opposite and hence the statute is inapplicable. The Chancellor did not find it necessary to rule on the point, nor do we.

We think the Chancellor was correct in holding that the rezoning was not supportable on the record. The neighborhood is almost solidly residential. There is a tavern on one corner and a filling station on another, apparently both non-conforming uses. The lot in question abuts a proposed elementary school of 24 rooms and is directly across the road from a country club. There was no evidence at all of mistake in the original zoning in the comprehensive plan adopted in July 1952. The change sought to be established in order to justify rezoning to permit the shopping center, was that in recent years some property, formerly farm land, had been utilized for the building of residences, with a consequent increase in the population. But as the Chancellor pointed out, a mere increase in population does not prove a change in the character of the neighborhood to justify another type of zoning. See *Didlake v. Poteet*, 228 Md. 588, 591. It was also argued that because of the increase in population a need for additional shopping facilities was demonstrated. But there was precise testimony that shopping facilities in the neighborhood were more than adequate, and the testimony as to public need was based upon general conclusions from population figures that were not even put in evidence. The protestants argued, with some force, that the increase in shopping facilities and service stations in the area defined exceeded the increase in population. The Board made no finding of fact on this point but only a general finding that "conditions have changed".

In *West Ridge, Inc. v. McNamara*, 222 Md. 448, relied on by the appellants, the nature of the intersection, the fact that it had been almost wholly commercialized, the absence of school children or traffic problems, and the recommendations of the Planning Commission after a comprehensive study, all tipped the scales in favor of the rezoning. We think the case is clearly distinguishable on the facts, and that the Chancellor was correct in finding that the record in the instant case did not present a debatable question.

*Decree affirmed, with costs.*