SMITH, ET AL. *v.* BOARD OF COUNTY COM-
MISSIONERS OF HOWARD COUNTY,
ET AL.

[No. 65, September Term, 1968.]

*Decided February 5, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, McWILLIAMS, FINAN and SMITH, JJ.

*Bernard F. Goldberg* for appellants.

*Charles E. Wehland,* with whom was *Bayard Z. Hochberg* on the brief for appellees Kenneth B. Tyler and Helen Tyler; *Thomas E. Lloyd* on the brief for appellees Board of County Commissioners of Howard County.

MARBURY, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Howard County dated February 26, 1968, which dismissed a bill of complaint filed by Albert M. Smith, et al, appellants. In that bill the appellants had requested the Circuit Court to declare invalid and void a resolution of the County Commissioners of Howard County filed in zoning case No. 455 on December 27, 1966, and to enjoin an amendment of the zoning map of Howard County in accordance with this resolution.

Mr. and Mrs. Kenneth B. Tyler were the contract purchasers of 22,822 square feet of land located at the intersection of Maryland Route No. 175 (Waterloo Road) and Maryland Route No. 103 (Montgomery Road). The subject property, which is substantially triangular in shape, the land contiguous to the subject property, and the land on the side of Montgomerty Road opposite the subject property, were all zoned for residential uses. Land on the side of Waterloo Road opposite the property was zoned as B-1 and B-2 (Commercial) uses. The Tylers filed an application with the Board of County Commissioners to rezone the subject property from R-20 (Residential) to B-1. The Planning Commission of Howard County recommended denial of said application on the ground that the residential classification of the subject property was part of a general zoning plan for Howard County adopted in 1961, and for other reasons including their opinion that the reclassification would constitute spot zoning. Following a public hearing at which the appellants appeared as protestants, the Board granted the petition for rezoning declaring that there had been a mistake in the original zoning of the property.

Appellants then filed suit in the Circuit Court for Howard County alleging that the action of the Board was illegal and un-

constitutional. The case was submitted on the testimony and evidence which had been before the Board. In deciding the case, the lower court found that the evidence before the Board was not substantial enough to make the issue of mistake in the original zoning of the subject property fairly debatable. However, the court denied the relief sought by the appellants because it found that there was sufficient evidence of change in the neighborhood to justify the Board's decision to reclassify the subject property.

On appeal, the appellants present two questions: (1) was the evidence before the Board substantial enough to make the issue of error in the original zoning or change in the neighborhood fairly debatable; and (2) did the reclassification of the subject property constitute illegal "spot zoning."

At the hearing before the Board, Mr. Tyler testified that he and his wife had operated for twenty years, as a non-conforming use, a grocery store located about one-quarter mile south of the property. Due to the expiration of the lease at this location and their inability or the undesirability of acquiring it as their own property, the Tylers sought a nearby relocation site since they had built up good will in the community. Although there is a shopping center directly across Waterloo Road, Mr. Tyler testified that the subject property was the only available spot that he could find to relocate his grocery store. The Tylers' contract to buy the land was contingent upon granting of the commercial zoning.

On innumerable occasions, this Court has held that "there is a strong presumption of the correctness of original zoning and of comprehensive rezoning, and that to sustain a piecemeal change therefrom, there must be strong evidence of mistake in the original zoning or in the comprehensive rezoning or else a substantial change in conditions." *France v. Shapiro,* 248 Md. 335, 342, 236 A. 2d 726, 730, citing *Greenblatt v. Toney Schloss,* 235 Md. 9, 200 A. 2d 70, citing *Shadynook Imp. Assn. v. Molloy,* 232 Md. 265, 192 A. 2d 502 and cases there cited. We have further stated that where the Board's decision is supported by substantial evidence and the issue before it is "fairly debatable" that the courts may not substitute their judgment for that of the Board. *Scull v. Coleman,* 251 Md. 6, 246 A. 2d

223; *Ark Readi-Mix v. Smith*, 251 Md. 1, 246 A. 2d 220; *Bosley v. Hospital*, 246 Md. 197, 227 A. 2d 746. However, if the record is so devoid of substantial supporting facts as to be incapable of raising a debatable issue a court will declare the legislative or administrative action invalid. *France v. Shapiro, supra; Baker v. Montgomery County*, 241 Md. 178, 215 A. 2d 831; *Stocksdale v. Barnard*, 239 Md. 541, 212 A. 2d 282.

We agree with the lower court that the evidence before the Board of County Commissioners was not substantial enough to make the issue of mistake in the original zoning fairly debatable. The only testimony as to a mistake was given by Mr. C. Ellsworth Iager, a realtor and appraiser, who stated that ". . . I would tend to think that there was a slight mistake when the Zoning Map was adopted." As set out in *Dill v. The Jobar Corporation*, 242 Md. 16, 23, 217 A. 2d 564, 568:

> "The opinion of an expert that there was error in the original zoning or comprehensive rezoning is not evidence substantial or strong enough to support a finding of original error unless the reasons given by the expert as the basis of his opinion, or other supporting facts relied on by him, are in themselves substantial and strong enough to do so."

*Miller v. Abrahams*, 239 Md. 263, 211 A. 2d 309. Mr. Iager did not present such strong supporting facts other than stating that the property "is a corner property and there is a lot of traffic at that intersection, there is also a good sight distance both ways . . . ." We hold that his testimony was insufficient to make the issue of mistake fairly debatable.

As to the issue of change, we hold that the lower court erred in ruling that the Board's decision was based on sufficient evidence to make the question fairly debatable. Mr. Iager stated that directly across from the subject property on Waterloo Road a commercial development had been built within the past three to four years. However, since those tracts were zoned for commercial uses prior to 1961, no change was shown; just compliance with the general plan. He also testified that from three hundred to four hundred houses have been built in this area since the adoption of the plan. Again, since these houses were

built on land zoned for residential use, there has merely been conformity with the plan, not a change. See *County Comm'rs v. Fairwinds,* 230 Md. 569, 187 A. 2d 845. Absent other factors, we cannot accept his statement that water is now available as establishing a change of conditions affecting the neighborhood. *France v. Shapiro, supra.*

At the Board hearing, the Tylers introduced a petition which contained the signatures of over four hundred persons who resided in the community and who favored the rezoning. In urging that the rezoning of the property was valid "spot zoning," the appellees assert that this attests that the community did need a grocery store in the vicinity. As we set out in *Mont. Co. Council v. Scrimgeour,* 211 Md. 306, 313, 127 A. 2d 528, 532: "A plebiscite of the neighborhood does not determine zoning." See *Mayor And Council v. Cotler,* 230 Md. 335, 187 A. 2d 94. In addition, because of the availability of commercial acreage across Waterloo Road from the subject property we cannot say that reclassification to B-1 is necessary for the convenient accommodation of the residents within the area.

For the reasons stated above the decree of the lower court must be reversed and the resolution of the Board of County Commissioners of Howard County must be declared null and void.

> *Decree reversed and resolution of the Board of County Commissioners declared to be null and void. Costs to be paid by appellees Tyler.*