## PAUL J. MRAZ ET AL. v. COUNTY COMMISSIONERS OF CECIL COUNTY

[No. 86, September Term, 1980.]

*Decided August 24, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Paul J. Mraz* for appellants.

*Dennis S. Clower,* with whom were *Clower & Parrack* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

On 26 July 1979, the appellee, Board of County Commissioners of Cecil County (County Commissioners), enacted a zoning ordinance applicable to the unincorporated areas of Cecil County, Maryland, and adopted a zoning map applicable to those areas that amended the zoning map of Cecil County, originally enacted in 1962. The text and amended zoning map were adopted for the "purpose of promoting the health, safety, and general welfare of the County" and "of implementing the Comprehensive Plan of Cecil County."

The adopted text and amended zoning map were initially prepared by the Cecil County Planning Commission (Planning Commission) in accordance with the comprehensive plan. After holding hearings and considering the

most appropriate and balanced use of land throughout the County, the Planning Commission submitted its recommendations to the County Commissioners. Public notice was given indicating that property owners could file requests for changes in the zoning classifications proposed by the Planning Commission for specific properties. After reviewing these requests and considering the recommendations of the Planning Commission, the County Commissioners proposed approximately 61 changes in the zoning classifications recommended for specific properties. Subsequently, public hearings were held. Finally, after three years of study and consideration by the Planning Commission, the citizenry, and the County Commissioners, the text and amended zoning map were adopted by the County Commissioners.[1]

---

1. In enacting the text and amended zoning map, the County Commissioners said:

"WHEREAS, Article 66B, Code of Public General Laws of Maryland, empowers the County to enact a zoning ordinance and to provide for its administration and enforcement, and

WHEREAS, the County Commissioners deem it necessary, for the purpose of promoting the health, safety, and general welfare of the County to enact such an ordinance as a means of implementing the Comprehensive Plan of Cecil County, and

WHEREAS, the County Commissioners intend, through the administration and enforcement of this ordinance, to assure that a policy of managed growth be preserved in Cecil County to the extent that a wise and balanced use of land and water resources be encouraged, that the development of land in the County be limited to the capacity of existing and planned infra-structure to support such development, and that the right of the County's citizens to a decent and pleasing environment be protected, and

WHEREAS, the County Commissioners have established the Planning Commission to recommend the boundaries of the various zones and appropriate regulations to be enforced therein, and

WHEREAS, the Planning Commission has recommended the division of unincorporated areas of the County into zones, and has prepared draft regulations and maps pertaining to such zones in accordance with a comprehensive plan, designed to lessen congestion in the streets; to secure safety from fire, panic, and other dangers; to promote health and general welfare; to provide adequate light, air and open space; to prevent the overcrowding of land, to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewage, schools, parks, and other public requirements, and

WHEREAS, the Planning Commission has given reasonable consideration to the character of the zones and their peculiar suitability to particular uses, with a view to encouraging the most

The appellants, Paul J. Mraz and Spectron, Inc., are the owner and lessee respectively (owners) of approximately eight acres of land located in Cecil County (subject property). The subject property was originally zoned M-2 (Heavy Industrial) and is the site of a chemical manufacturing plant. The Planning Commission's proposed zoning map designated the subject property in the A-R (Agricultural) zone in which heavy industrial uses are not permitted as of right. Thereafter, the owners filed a request to change the proposed classification from the A-R zone to the M-2 zone. After reviewing this request and considering the recommendation of the Planning Commission, the County Commissioners proposed that the subject property be classified in the M-2 zone.

At the public hearing held by the County Commissioners, no evidence was presented in support of or in opposition to the proposed M-2 classification of the subject property. On 26 July 1979, the County Commissioners adopted the new zoning ordinance, including the text and amended zoning map that classified the subject property, like all of the surrounding properties, in the A-R zone. Subsequently, the County Commissioners denied the owners' request for reconsideration.

Thereafter, the owners, pursuant to Maryland Rules of Procedure, Chapter 1100, Subtitle B, filed an appeal to the Circuit Court for Cecil County. The County Commissioners demurred on the ground, among others, that administrative

---

appropriate and balanced use of land throughout the County, has held public meetings on the proposed ordinance and submitted its recommendations to the County Commissioners, and

WHEREAS, the County Commissioners have given due public notice of hearings relating to zones, regulations and restrictions, and have held such public hearings, and

WHEREAS, all requirements of Article 66B, Code of Public General Laws of Maryland, with regard to the preparation of the draft of this ordinance and the subsequent action of the County Commissioners have been met:

NOW THEREFORE BE IT ENACTED BY THE PEOPLE OF THE COUNTY OF CECIL, MARYLAND, that the following ordinance is adopted as the official zoning ordinance of Cecil County, and that such ordinance is effective as of the date of its adoption."

remedies had not been exhausted.[2] On 11 February 1980, at a hearing, the owners, relying on *Stephans v. Board of County Commissioners of Carroll County,* 41 Md. App. 494, 397 A.2d 289 (1979), contended that "the administrative remedies have been exhausted and appeal is the exclusive remedy available to us at this point." At the hearing, both the parties and the Circuit Court were apparently unaware that on 6 December 1979, the Court of Appeals had decided the case of *Board of County Commissioners of Carroll County v. Stephans,* 286 Md. 384, 408 A.2d 1017 (1979) *(Stephans).* That case held that an administrative appeal was not a proper procedure by which to challenge a comprehensive rezoning. Notwithstanding this Court's decision in *Stephans,* the Circuit Court relied on the Court of Special Appeals' decision and overruled the County Commissioners' demurrer.

On 27 February 1980, after a hearing on the merits, the Circuit Court determined that the County Commissioners had acted arbitrarily and capriciously in classifying the subject property in the A-R zone. It entered an order declaring the A-R zone classification null and void, thus reinstating the M-2 zone classification.

On 14 March 1980, the day after *Stephans* was published in *The Daily Record,* the County Commissioners filed a Motion to Revise Judgment and to Dismiss. On 25 March 1980, they filed a Motion to Dismiss for Lack of Jurisdiction of Subject Matter.

On 26 March 1980, the Circuit Court, after a hearing, filed a supplemental opinion in which, relying solely upon *Stephans,* it held that an administrative appeal was not permitted in the instant case. On the same day, the Circuit Court entered an order in which it revised its previous order and dismissed the owners' appeal. On 31 March 1980, the owners filed a Motion to Reconsider. On 17 April 1980, the Circuit Court entered an order denying that motion.

---

2. We do not here consider the question whether failure to exhaust administrative remedies may appropriately be raised by demurrer. That question was neither raised or decided in the Circuit Court nor raised here. Md. Rules 885 and 813.

The owners filed an appeal to the Court of Special Appeals from the Circuit Court's order of dismissal and its order denying the Motion to Reconsider. We issued a writ of certiorari before consideration by that Court. We shall affirm the judgments of the Circuit Court.

The central question presented in this case is whether a circuit court errs when it revises an unenrolled judgment based on an opinion of this Court of which the circuit court was unaware at the time of the entry of judgment. More particularly, the question presented is whether the Circuit Court erred by revising its unenrolled judgment when, based on this Court's decision in *Stephans,* it dismissed an administrative appeal on the ground that Maryland Code (1957, 1978 Repl.Vol.), Art 66B, § 4.08 (a) does not authorize an appeal to a circuit court from a comprehensive rezoning.

Maryland Code (1974, 1980 Repl. Vol.) § 6-408 of the Courts and Judicial Proceedings Article, effective 1 July 1977, provides:

> "For a period of 30 days after the entry of a judgment, or thereafter pursuant to motion filed within that period, the court has revisory power and control over the judgment. After the expiration of that period the court has revisory power and control over the judgment only in case of fraud, mistake, irregularity, or failure of an employee of the court or of the clerk's office to perform a duty required by statute or rule." [3]

Under this statute, a circuit court has unrestricted authority to revise an unenrolled judgment. We find that the Circuit Court did not err in exercising that authority here.

---

**3.** This statute, although not raised or considered by the parties or the Circuit Court, is applicable to and governs this case, filed after 1 July 1977. Maryland Lumber Co. v. Savoy Construction Co., 286 Md. 98, 101, 405 A.2d 741, 743 (1979). The parties and the Circuit Court relied upon Md. Rule 625 a, effective 1 January 1957, which provides in pertinent part:

"For a period of thirty days after the entry of a judgment . . . the court shall have revisory power and control over such judgment."

The owners initially contend that the Circuit Court erred in dismissing their administrative appeal because such an administrative appeal is specially authorized by Art. 66B, § 4.08 (a). We do not agree.

Article 66B, § 4.08 (a) provides in pertinent part:

"Any person or persons, jointly or severally, aggrieved ... by a *zoning action* by the local legislative body ... may appeal the same to the circuit court of the county. Such appeal shall be taken according to the Maryland Rules as set forth in Chapter 1100, Subtitle B. Nothing in this subsection shall change the existing standards for review of any zoning action." (Emphasis added.)

In *Stephans,* 286 Md. at 397, 408 A.2d at 1023, this Court considered the meaning of the term "zoning action" contained in Art. 66B, § 4.08 (a). There we held:

"[T]he right of appeal specified by the General Assembly in § 4.08 (a) to one aggrieved 'by a zoning action by the local legislative body' is an appeal from 'a reclassification by the local legislative body,' referring to piecemeal or 'spot' zoning, *not to comprehensive zoning or rezoning."* (Emphasis added.)

This case establishes that under Art. 66B, § 4.08 (a), circuit courts have the authority to review a piecemeal rezoning in an administrative appeal proceeding but do not have the authority to review a comprehensive zoning or rezoning in such a proceeding. A comprehensive zoning or rezoning must be challenged in proceedings other than administrative appeals. Therefore, it is necessary to determine whether the County Commissioners' action in classifying the subject property in the A-R zone constituted a part of a comprehensive rezoning.

The owners contend that the County Commissioners' action in classifying the subject property constituted a spot zoning. The owners point out that before the County Commissioners held a hearing, a notice was published indicating

that the County Commissioners proposed to classify the subject property in the M-2 zone. Although no evidence was presented at the hearing concerning this proposed classification, the County Commissioners nonetheless classified the subject property in the A-R zone. The owners maintain that because the subject property "was singled out for special treatment," the County Commissioners' action in classifying the subject property constituted spot zoning. We do not agree.

The term "spot zoning" describes situations in which "a zoning ordinance or an amendment puts a small area in a zone different from that of the surrounding area." *Minor v. Shifflett,* 252 Md. 158, 166, 249 A.2d 159, 164, *cert. denied,* 396 U.S. 844, 90 S.Ct. 70 (1969); *Huff v. Board of Zoning Appeals of Baltimore County,* 214 Md. 48, 57, 133 A.2d 83, 88 (1957). *See Cassel v. City of Baltimore,* 195 Md. 348, 355, 73 A.2d 486, 488-89 (1950); 2 A.Rathkopf, *The Law of Zoning and Planning* § 26.02, p.26-2 (4th ed.1981). Here the amended zoning map shows that the subject property is surrounded by an extensive area of land all of which is classified in the A-R zone. Because the amended zoning map did not place the subject property in a zone different from that of the surrounding area, the County Commissioners' action in classifying the subject property in the A-R zone did not constitute spot zoning.

Moreover, we are persuaded that the County Commissioners' action in classifying the subject property in the A-R zone constituted a part of a comprehensive rezoning. The indicia of "comprehensiveness" in zoning are well established. A comprehensive zoning or rezoning must be well thought out, the product of careful consideration and extensive study, and based upon considerations concerning the common needs of the particular area. It must be designed to control and direct the use of land and buildings according to present and planned future conditions, to accomplish as far as possible the most appropriate uses of land consistent with the public interest and the safeguarding of the interests of the individual property owners. Other characteristics of

comprehensiveness may be found in the fact that the zoning or rezoning applies to or covers a substantial or wide geographical area, that it regulates all uses, and that it covers all of the usual factors of land utilization: height, area and use. The fact that few changes in zoning are made does not affect the comprehensive nature of the zoning or rezoning. *Montgomery County v. Woodward & Lothrop, Inc.,* 280 Md 686, 702, 707, 376 A.2d 483, 492-93, 495 (1977), *cert. denied sub nom. Funger v. Montgomery County,* 434 U.S. 1067, 98 S.Ct. 1245 (1978).

Here all of the criteria of comprehensiveness are present. The amended zoning map was given careful consideration and adopted only after extensive study and public participation. It was adopted in accordance with a comprehensive plan and was designed to provide an adequate potential for orderly growth in the future. The area to be rezoned included all of the unincorporated areas of Cecil County. The amended zoning map reflects extensive changes occurring over a wide area and takes into account future public needs and purposes.

Under these circumstances, the County Commissioners' action in adopting the amended zoning map constituted a comprehensive rezoning and, therefore, its action in classifying the subject property in the A-R zone constituted a part of a comprehensive rezoning. Consequently, the Circuit Court did not have authority to review that action in an administrative appeal proceeding and did not err in dismissing the appeal.

The owners additionally contend that the Circuit Court erred because "Rule 651 forbids setting aside a judgment for any cause which might have been the subject of a demurrer." They point out that the County Commissioners did not file a demurrer on the ground that, under the circumstances here, the Circuit Court did not have the authority to entertain an administrative appeal. We do not agree with this contention. A question concerning a circuit court's

authority to entertain an administrative appeal can be raised at any time, *Stewart v. State,* 287 Md. 524, 527-28, 413 A.2d 1337, 1339 (1980); *Salmon v. Clagett,* 3 Bland 125, 143 (1828), and the right to raise this question cannot be waived because parties cannot confer authority to act on a court. *State v. McCray,* 276 Md. 111, 126, 297 A.2d 265, 273 (1972); *Jones v. Jones,* 259 Md. 336, 342, 270 A.2d 126, 130 (1970).

The owners' additional contention that the Circuit Court erred because "the *Stephans Case* should be applied prospectively only," is similarly without merit. Courts must apply the law in effect at the time a case is decided, provided that its application does not affect intervening vested rights. *O'Donnell v. Bassler,* 289 Md. 501, 508, 425 A.2d 1003, 1007 (1981); *County Council for Prince George's County v. Carl M. Freeman Assocs., Inc.,* 281 Md. 70, 76, 376 A.2d 860, 863-64 (1977). Ordinarily, there is no vested right in procedures utilized to enforce substantive rights. *Kelch v. Keehn,* 183 Md. 140, 144-45, 36 A.2d 544, 545-46 (1944); *Ireland v. Shipley,* 165 Md. 90, 98, 166 A. 593, 596 (1933); *Southerland v. Norris,* 74 Md. 326, 328, 22 A. 137, 137 (1891). Consequently, a change in the law that does not impair existing substantive rights but only alters the procedures involved in the enforcement of those rights ordinarily applies to all actions whether accrued, pending, or future unless a contrary intention is expressed. *Aviles v. Eshelman Elec. Corp.,* 281 Md. 529, 533, 379 A.2d 1227, 1229 (1977); *Janda v. General Motors Corp.,* 237 Md. 161, 168, 205 A.2d 228, 232 (1964); *Beechwood Coal Co. v. Lucas,* 215 Md. 248, 254, 137 A.2d 680, 683 (1958). Our decision in *Stephans* affected only procedural rights and not substantive rights. Consequently, it was proper for the Circuit Court, exercising its revisory power, to apply *Stephans.*

Under all of the circumstances here, the Circuit Court did not err in dismissing the owners' administrative appeal.

Moreover, it did not err in denying the owners' motion to reconsider.[4] Accordingly we shall affirm.

*Judgments affirmed.*
*Appellants to pay costs.*

---

**4.** The owners' contention, raised in their Motion to Reconsider, that the County Commissioners' classification of the subject property constituted a piecemeal rather than a comprehensive rezoning because the County Commissioners had failed to comply with certain procedural requirements necessary to validate a comprehensive rezoning is without merit. We have stated that the factors to be considered in determining whether a rezoning is comprehensive include the extent of study and consideration, the purpose of the rezoning, its compliance with a comprehensive plan, and the extent of the area rezoned. The County Commissioners' compliance with procedural requirements necessary to validate the comprehensive rezoning is not one of these factors. Therefore, whether the County Commissioners complied with these procedural requirements is irrelevant to the only question before us which involves whether the County Commissioners' action in classifying the subject property in the A-R zone constituted a part of a comprehensive rezoning.