562 A.2d 1297

**Richard D. BUCKEL, et al.**

v.

**BOARD OF COUNTY COMMISSIONERS OF FREDERICK COUNTY, Md.**

**No. 1785, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Sept. 1, 1989.
Certiorari Denied Dec. 20, 1989.

**306**

Mary E. Storm, Frederick, for appellants.

Lawrence E. Speelman (John S. Mathias, on the brief), both County Attys., Frederick, for appellee.

Argued before GARRITY, ALPERT and POLLITT, JJ.

ALPERT, Judge.

On October 14, 1987, Hemby King Development Group ("Hemby King") entered into a contract of sale with several individuals to purchase land located in the New Market District of Frederick County, Maryland. On October 30, Hemby King filed an application to rezone the purchased land from an Agricultural Zoning District designation to a General Commercial Zoning District designation. Although the Planning Staff to the Frederick County Planning Commission recommended denial of the application, the Commission moved to recommend conditional approval of the application to the Board of County Commissioners (the "Board").

A hearing before the Board was held on March 31, 1988. At the conclusion of the hearing, the Board voted to approve the requested rezoning with several conditions. On April 19, 1988, the Board issued a formal, written opinion in which it set forth its findings in support of the zoning change.

Richard D. Buckel and Edward W. Rossig, Jr., residents of New Market, appealed the Board's decision to the Circuit Court for Frederick County. Subsequently, the municipality of New Market sought to intervene as an appellant. After a hearing on November 2, 1988, the trial court (Dwyer, J., presiding), rendered its decision and issued a written order, affirming the decision of the Board and denying New Market's motion to intervene in the proceedings. Buckel, Rossig, and New Market note timely appeals from the trial court's decision.

The land in question is a seven acre parcel of land located immediately north of Interstate 70 and east of Route 75

outside of New Market in Frederick County, Maryland.[1] Hemby King seeks to rezone the property to a General Commercial designation in order to construct a motel on the property.

A legislative body may change the zoning classification of a parcel of land within the jurisdiction of the governmental body "based upon a finding that there was a substantial change in the character of the neighborhood where the property is located or that there was a mistake in the existing zoning classification." Md.Ann. Code Art. 66B, § 4.05(a); Frederick County Code § 1–19–66(a). These statutes are essentially codifications of the "change-mistake" rule developed at common law. Where the legislative body finds that a change or mistake has occurred, an appellate court must uphold that decision "unless it is shown that this action was arbitrary or capricious because not enough evidence had been adduced to make the issue 'fairly debatable.' " *Mayor of Rockville v. Stone,* 271 Md. 655, 661, 319 A.2d 536 (1974).

The Board of County Commissioners based its decision to grant, by way of ordinance, the application for rezoning to a General Commercial designation upon its finding of "a substantial change in the character of the neighborhood where the property is located." Our review of the record on appeal does not reveal sufficient evidence to render the "substantial change" issue fairly debatable; therefore, we reverse.

To put our decision in proper focus, we review the record before the Board. In a document entitled Zoning Map Amendment, Case number: R–87–66, the planning staff of Frederick County Planning Commission recommended denial of Hemby–King's application for rezoning. This report

---

1. The entire property consists of approximately 21 acres; however, Hemby King only seeks rezoning of the seven acres in question. Prior to the hearing in the circuit court, there appeared to be some confusion as to whether the property was located east or west of Route 75. All parties now agree that the subject property lies east of Route 75.

stated that since 1977 [2] forty new residential dwellings have been constructed in the neighborhood.[3] The report also indicated that properties to the north, west, and south of the subject property were zoned General Commercial, and property to the east was zoned Agricultural. The report listed several rezonings that had taken place in the neighborhood subsequent to 1977, two of which constituted rezonings from Agricultural to General Commercial. In addition, the report provided that the subject property is adjacent to a shopping center under construction. Furthermore, the report noted that site plans for another shopping center across Rt. 144 and a restaurant and motel to the west across Route 75 have been approved. The Comprehensive Plan calls for a General Commercial future use of the subject property because it is located within an area "anticipated to receive significant development activity." In a section of the report entitled "Change in the Neighborhood," the staff stated:

> In the opinion of the staff although some change has occurred, it is located principally west of New Market and not in the immediate vicinity of this site. Although several site plans and subdivisions have received preliminary approval, none, except for the one shopping center, have begun construction. The staff does not feel this represents a change in the neighborhood which warrants additional commercial zoning on this site.

Finally, in further support of its recommendation of denial, the staff noted that rezoning the subject property in light of several undeveloped properties currently zoned General Commercial "would be in excess of what is planned

---

**2.** As held by the Court of Appeals of Maryland in *Cardon Investments v. Town of New Market,* 302 Md. 77, 485 A.2d 678 (1984), rezoning by the Board in 1977 constituted comprehensive rezoning from which time any "substantial change" for the purpose of subsequent rezoning is measured. *Id.* at 89–90, 485 A.2d 678.

**3.** This appears to contradict an assertion later in the report that 64 dwellings have been constructed in the neighborhood since 1977.

or appropriate for future residential development in the area or to serve the motoring public using I-70."

The Planning Commission issued a written recommendation for conditional approval[4] to the Board. Although the Planning Commission cited a "[c]hange in the character of the neighborhood" as its reason for approving the rezoning, it did not include any findings of fact with its written recommendation. Testimony taken by the Board at the public hearing focused largely upon the future availability of water and sewer and the adequacy of a water well system and septic tank for the proposed use of the property, and the possibility of an architectural review committee.

The discussion of a substantial change in the community that did arise was in the form of arguments by opponents of the application for rezoning. Mary E. Storm, attorney for the Town of New Market, stated that the establishment of nine new commercial uses in and around New Market since 1977 was offset by subsequent discontinuation, other business closing, or by the fact that in several cases the prior use was also commercial. Several other residents testified that no substantial change has occurred in the neighborhood.

The Board's opinion and findings were codified in Frederick County ordinance 88-9-486. The Board found a change in the neighborhood on the basis of the Staff report, which cited the 40 additional residences constructed since 1977, the shopping center under construction, and the proposed shopping center with site plan approval. The Board's opinion reiterated the Commission's recommended conditions on approval of the rezoning. The circuit court basically held that the evidence was "fairly debatable" as to a substantial

---

4. Some of the conditions on approval of the rezoning recommended by the Planning Commission were (1) adequate provision for road improvements, (2) property must be served by community water and sewer system when they become available at the site, (3) construction subject to approval by an independent architectural design committee.

change in the neighborhood justifying the rezoning of the subject property.

We first consider the Board's reliance upon the shopping center under construction in support of its finding of a substantial change in the neighborhood. The uncontradicted evidence before the Board indicates that this property was zoned General Commercial prior to the 1977 comprehensive zoning. It appears that either a service station or small shopping center has been anticipated for this site since 1971. It is well-settled that changes contemplated prior to the latest comprehensive zoning are usually not relevant in determining whether a substantial change has occurred to support rezoning of property. *See Prince George's County Council v. Prestwick, Inc.,* 263 Md. 217, 228, 282 A.2d 491 (1971); *Chatham Corp. v. Beltram,* 252 Md. 578, 585–86, 251 A.2d 1 (1969); *Smith v. Board of County Comm'rs,* 252 Md. 280, 284, 249 A.2d 708 (1969); *Helfrich v. Mongelli,* 248 Md. 498, 505, 237 A.2d 454 (1968). Changes in the character of a neighborhood prior to adoption of comprehensive zoning may be considered only in conjunction with subsequent changes. *Cardon Investments v. Town of New Market,* 55 Md.App. 573, 587, 466 A.2d 504 (1983), *aff'd,* 302 Md. 77, 485 A.2d 678 (1984). Considering that this change was contemplated for several years prior to the 1977 comprehensive zoning and that its significance, if any, to post–1977 changes can only be correlated to the single parcel of real estate in the neighborhood rezoned to general commercial, the Board's heavy reliance on the change is misplaced.

As for the increase in the number of residential dwellings, as well as the intensification of residential zoning, these changes do not *per se* warrant rezoning especially where the rezoning is to a commercial rather than a residential designation. *See Prestwick, supra,* 263 Md. at 229, 282 A.2d 491; *Heller v. Segner,* 260 Md. 393, 399, 272 A.2d 374 (1971). We also cannot ignore the fact that the intended use of the subject property—a motel—surely can-

not be justified solely on the basis of a moderate increase in residential dwellings in an area of the state that would be fairly characterized as rural. Thus, we are left with one recent rezoning classification to General Commercial designation of a property stated to be used as a small shopping center and motel.[5]

During the hey-day of Court of Appeals zoning decisions in the late 1960's and early 1970's, several important and somewhat seemingly contradictory rules in examining legislative or administrative rezoning decisions came to light. Judicial review of a legislative or an administrative body's zoning decision was limited to determining whether the evidence to support such a decision was fairly debatable. The term "fairly debatable" intimates that appellate courts would give a fair amount of deference to the legislative zoning decision if the evidence before the legislative or administrative body was sufficient for it to render a reasonable decision. In contrast, the Court of Appeals was crafting a rule to which it would refer in striking down a series of decisions of administrative and legislative bodies that granted rezoning requests on the purported basis of a change in the neighborhood. In *Wells v. Pierpont*, 253 Md. 554, 253 A.2d 749 (1969), the Court of Appeals stated:

It is now firmly established that there is a strong presumption of the correctness of original zoning and of comprehensive rezoning, and that to sustain a piecemeal change therefrom there must be produced strong evidence of mistake in the original zoning or comprehensive

---

5. Recently, this court affirmed the circuit court's affirmance of the Board's decision to grant a rezoning application concerning this property. *See Town of New Market v. Frederick County,* No. 95, Sept. Term 1988 (Md.Ct.Spec.App., filed Oct. 11, 1988) (per curiam). Citing to largely uncontradicted expert testimony regarding a substantial change in the neighborhood, this court found the evidence before the Board to be fairly debatable. Needless to say, in this case not only did Hemby King fail to present such expert testimony in favor of the rezoning, it did not even attempt to present to the Board *any* evidence of substantial change. Certainly, that case is not *res judicata* with respect to the case before us.

rezoning or else evidence of substantial change in the character of the neighborhood. *Minor v. Shifflett,* 252 Md. 158 [249 A.2d 159] (1969), and the cases therein cited; *Randolph Hills, Inc. v. Whitley,* 249 Md. 78 [238 A.2d 257] (1968); *Woodlawn Area Citizens Ass'n v. Board,* 241 Md. 187 [216 A.2d 149] (1966). And, of course, the burden of proof facing one seeking a zoning reclassification is quite onerous. *Agneslane, Inc. v. Lucas,* 247 Md. 612, 618 [233 A.2d 757] (1967), and the cases therein cited. *Id.* at 557, 253 A.2d 749. The litany of cases striking down Board decisions in favor of rezoning is impressive. *See, e.g., Pattey v. Board of County Comm'rs,* 271 Md. 352, 317 A.2d 142 (1974) (failure properly to delineate neighborhood as evidenced by relying on "changes" as much as 15 to 17 miles away, and reliance on changes known at the time of original zoning are grounds for reversal); *Cardon Investments, supra* (reliance solely on increased traffic flow and changes occurring prior to comprehensive zoning in 1977 grounds for affirming Court of Special Appeals' affirmance of trial court's reversal of Board decision to rezone); *Smith, supra* (reliance on changes such as increased commercial and residential development was error where such "changes" were in conformity with prior zoning and general plan for area); *Chatham Corp., supra* (improvement of water and sewage facilities contemplated at time of plan is not sufficient evidence of substantial change); *Smith, supra* (recent commercial development and building of 300 to 400 houses not sufficient evidence of substantial change where such development was in conformity with the zoned uses and in conformity with the plan); *Harley v. Aluisi,* 259 Md. 275, 269 A.2d 575 (1970) (intensification of residential use and remote possibility of road improvements insufficient to sustain Board's decision); *Howard Research & Develop. Corp. v. Zoning Bd.,* 263 Md. 380, 283 A.2d 150 (1971) (improvement in water and sewage facilities, solidification of existing residential character of neighborhood, improvements in highways contemplated at the time of zoning map do not raise a fairly debatable issue of substan-

tial change); *Randolph Hills, Inc. v. Whitley,* 249 Md. 78, 238 A.2d 257 (1968) (evidence of zoning changes was insufficient to make issue of substantial change in neighborhood fairly debatable where changes were outside neighborhood, in conformance with original master plan, or could have no effect on character of the neighborhood); *Miller v. Abrahams,* 257 Md. 126, 262 A.2d 524 (1970) (population increase, widening of nearby road, and intensification of residential rezoning where almost no building had taken place on rezoned land insufficient to make issue of substantial change in character of the neighborhood fairly debatable). This list is in no way an attempt at creating a comprehensive enumeration of such cases.

■ This *apparent* conflict between the deference afforded local legislative or administrative bodies in rezoning decisions and the heavy yoke thrust upon one seeking to rezone their property in the interim between comprehensive zonings is not a conflict at all. On closer observation, appellate courts will apply this deferential "fairly debatable" standard of review in applications based on change only where there is legally sufficient evidence to show *a substantial change in the character of the neighborhood.* Any local legislative or administrative body that assumes that its decision to rezone will be upheld where it receives evidence of a *mere change* in the neighborhood bears the strong possibility of reversal.

■ The record before the board compels us, on appeal, to conclude that no substantial change in the character of the neighborhood around Hemby King's property has occurred since 1977. The apparent indifference displayed by Hemby King to that fact in the proceedings below was demonstrated by its utter failure to present any persuasive evidence indicating a substantial change in the character of the neighborhood.

We have already stated that a mere increase in population in the neighborhood is insufficient to generate the issue. This is especially so where there is no evidence as to the

significance of this increase in population in this neighborhood. The importance of the few rezonings in the neighborhood since 1977 is truncated when the record indicates that nearly all of these changes are reclassifications from agricultural to *residential* zoning or intensification of existing residential zoning.

The one reclassification to general commercial zoning certainly is not a substantial change in a neighborhood, the character of which, as overwhelmingly testified to by residents at the Board hearing, is still essentially agricultural-residential. *See Miller, supra.* Mere rezoning of property in the neighborhood, which is in effect a "paper change," certainly does not suffice to effect a change in the character of the neighborhood. The fact that construction has only now begun on a site rezoned to general commercial prior to 1977 indicates the meticulous caution surrounding even minor changes in this neighborhood. Although the case law is somewhat "murky," mere reclassification of the zoning of property in the neighborhood does not change the character of the neighborhood.[6] *See Miller,* 257 Md. at 130–31, 262 A.2d 524; *Montgomery County v. Shiental,* 249 Md. 194, 198, 238 A.2d 912 (1968). Further, the fact that the intended future use of this property, as evidenced by the County master plan, is general commercial is not compellingly relevant where the life of such a master plan extends sixteen years into the future. On the basis of the evidence before the Board in this case, we hold that it erred in

---

6. One eminent zoning expert's analysis in whether the ordinance permitting the rezoning comports with the character of the neighborhood is revealing:

In determining the suitability of this land to uses permitted by the zoning ordinance, the courts will endeavor to learn the character of the neighborhood affected by the ordinance. Property is said to take its character from the *uses* which surround it, and an analysis of the adjacent *uses* in relation to the uses permitted by the zoning ordinance lies at the heart of most of the zoning decisions.

Anderson, *American Law of Zoning* § 3.30 p. 188–89 (3d ed. 1986). Thus, the character of the neighborhood evolves more from the uses of the property in the neighborhood, rather than the rezoning of the property where such rezoning has not been acted upon.

granting the rezoning application in this case. In light of our holding, we need not address New Market's contention that the trial court's denial of its motion to intervene was in error.

ORDER FOR THE CIRCUIT COURT FOR FREDERICK COUNTY REVERSED AS TO THE GRANTING OF THE REZONING APPLICATION. ONE-HALF COSTS TO BE PAID BY APPELLEE; ONE-HALF COSTS TO BE PAID BY APPELLANT TOWN OF NEW MARKET.